No. 47,680

Scott T. Muse, Jr., *Appellee,* v. Bernard Baker, d/b/a Western
Marketing Company and Baker & Company, *Appellant.*

(533 P. 2d 1234)

Opinion filed
April 5, 1975.

*J. Stephen Nyswonger,* of Braun & Nyswonger, of Garden City, argued the
cause, and *Lelyn J. Braun,* of the same firm, was with him on the brief for
the appellant.

*Duane E. West,* of Garden City, was on the brief for the appellee.

*Per Curiam:* This is an action to recover the sale price of pop-
corn. Judgment was entered in favor of the plaintiff, Scott T. Muse,
Jr. The defendant, Bernard Baker, has appealed.

In April, 1969, Mr. Muse entered into a contract to plant and
harvest 66 acres of popcorn for Western Marketing Company,
herein called Western. Under date of September 26, 1969, Western
sent Muse a letter, signed by Bernard Baker, advising that Muse
might store the popcorn in his own bins after harvest and receive
storage of one cent per bushel per month, and that trucks would
pick it up as it was needed for processing.

Subsequent to the time the popcorn was harvested and placed
in his bins, Mr. Muse rented his land. He thereupon attempted to
contact Western so that he might give his tenant possession of the
bins and get his money out of the popcorn. At this time he learned,
through correspondence and telephone conversations with Bernard
Baker, in which he was demanding payment for the crop, that the
popcorn company was no longer doing business as Western Market-
ing Company but as Baker and Company.

Mr. Baker testified that he became manager of Western about the
middle of May, 1969; that Whiteley Popcorn Company doing busi-
ness as Western Marketing Company was having difficulties and
W. R. Whiteley, the sole owner of Western, changed the name to
Baker and Company on January 1, 1970. Baker further contended
that he continued to work for Mr. Whiteley as an employee only,
until October 1, 1970, at which time he quit Whiteley and set up
his own business as sole owner, operating under the name of Baker
Popcorn Company.

Mr. Muse testified that his conversations with Baker resulted in Mr. Baker's agreeing to go ahead and take the popcorn, paying the price called for in Western's contract. On June 26 and June 27, 1970, the Muse bins were emptied and the popcorn was trucked to Stratford, Texas, at Baker's direction, where it was processed and then sent to Mexico. Muse never did receive his money for the popcorn although he continually demanded payment of Baker. Mr. Baker contended that at all times material to this action he was only an employee of W. R. Whiteley; that at no time was he a partner or proprietor of Western Marketing Company nor of Baker and Company; and that he was not personally liable.

However the trial court, sitting as the finder of the facts, concluded otherwise. It found as follows:

". . . 'That Bernard Baker either was a partner or a proprietor of Baker & Company or placed himself in such a position by allowing his name to be used, by his acts and failure to warn, as to make him liable for the debts of Baker & Company. That in a situation such as this when he signs correspondence, he uses the same telephone number, he in no way warns people when they are doing business with Bernard Baker or when they are doing business with Baker & Company that they are not actually doing business with him, that his banking account shows his partnership account part of the time, and his individual account part of the time; that he cannot do this and that he has held himself out to the public as being either the proprietor or partner.' "

On appeal, Mr. Baker alleges that the trial court erred in finding him to be a partner or proprietor of Baker and Company and that the finding is not supported by the evidence. The defendant further contends the trial court erred as a matter of law in holding he was a partner or proprietor and therefor liable to plaintiff.

It has long been the law of this state that "A person may estop himself from denying his liability as a partner, where such relationship does not exist in fact, by holding himself out as such, or where his course of conduct and representations leads another to believe he is a partner, and the party misled extends credit in reliance thereon." (*Phillip Van Heusen, Inc. v. Korn,* 204 Kan. 172, 460 P. 2d 549, Syl. ¶ 3, and cases cited therein.)

Bearing in mind the rule expressed in *Van Heusen,* this is essentially a fact case. It thus becomes the duty of this court to ascertain whether there is substantial competent evidence to sustain the trial court's findings and judgment. (*Wehking v. Wehking,* 213 Kan. 551, 516 P. 2d 1018; *Union National Bank & Trust Co. v.*

*Acker,* 213 Kan. 491, 516 P. 2d 999.) We must answer that question affirmatively; the record discloses evidence substantially supporting the findings made by the court.

We have fully reviewed the record and conclude the judgment entered by the district court was correct.

The judgment is affirmed.

FROMME, J., not participating.